Robin D. Perry, Esq.  (SBN 181686)
LAW OFFICES OF ROBIN D. PERRY
400 Oceangate, Suite 700
Long Beach, California 90802
Telephone: (562) 216-2944
E-mail: Robin@lordp.net

Attorney for Plaintiff, KESEAN HARVEY DAVIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KESEAN HARVEY DAVIS,<br><br>        Plaintiff<br><br>KHALIL M. IBRAHIM, ARTHUR VILLA, MATHEW MCALLISTER AND THE CITY OF HUNTINGTON BEACH<br><br>        Defendants | CASE NO.<br><br>KESEAN HARVEY DAVIS COMPLAINT & DEMAND FOR JURY TRIAL<br><br>1. 42 U.S.C. §1983<br>2. ASSAULT AND BATTERY<br>3. FALSE ARREST AND ILLEGAL IMPRISONMENT<br>4. 42 U.S.C. §1983 AGAINST THE CITY OF HUNTINGTON BEACH |

**INTRODUCTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of California, against KHALIL M. IBRAHIM, a police officer of the City of Huntington Beach, in his individual capacity, ARTHUR VILLA, a police officer of the City of Huntington Beach in his individual capacity, MATHEW MCALLISTER, a police officer of the City

COMPLAINT - 1

of Huntington Beach, in his individual capacity and against the City of Huntington Beach. Jurisdiction is based on 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of KESEAN DAVIS violating his rights under the Fourth and Fourteenth amendment of the United States Constitution, and that these defendants assaulted in battered KESEAN DAVIS. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of Huntington Beach.

**PARTIES**

3. KESEAN DAVIS was at all material times a resident of the City of Los Angeles, State of California.

4. KESEAN DAVIS is African American college student. He attends Chicago State University where he is currently a senior. KESEAN HARVEY DAVIS has no criminal record.

5. Defendant officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Huntington Beach, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of

COMPLAINT - 2

the State of California and or the City of Huntington Beach.

6. The City of Huntington Beach is a municipal corporation and the public employer of defendant officers.

## FACTS

7. On July 31, 2019, KESEAN HARVEY DAVIS went to Huntington Beach for a picnic with friends and acquaintances. KESEAN DAVIS gather near fire pits closest to Lifeguard Tower #11.

8. At approximately 8:15 pm KESEAN HARVEY DAVIS, who was still on the beach, went to the bathroom. When he returned, KESEAN HARVEY DAVIS saw multiple men tackled Tamia Fuery, one of his acquaintances.

9. Unaware of what was occurring, KESEAN DAVIS walked briskly toward Fuery. As he walked, he yelled, what the fuck.

10. Suddenly, without warning, defendant Officer ARTHUR VILLA shoved KESEAN HARVEY DAVIS.

11. Immediately thereafter, defendant Officer IBRAHIM M. KHALIL tased KESEAN DAVIS.

12. Defendant KHALIL M. IBRAHIM used racist imagery to describe why he tased KESEAN DAVIS. For example, KHALIL M. IBRAHIM claims he tased KESEAN DAVIS because DAVIS was tall, yelled loud in protest and that his eyebrows were

"furrowed." It is unclear IBRAHIM M. KHALIL could see that KESEAN DAVIS' eyebrow were "furrowed" given that it was dark outside.

13. Officer KHALIL M. IBRAHIM and defendant Officer MATHEW MCALLISTER handcuffed KESEAN DAVIS and forced him to the ground. While on the ground Officer KHALIL M. IBRAHIM manually tased KESEAN DAVIS again.

14. KESEAN DAVIS had not physically resisted or assaulted the defendant in anyway, and the force used against him was unnecessary, unreasonable and excessive.

15. The defendant police officers then arrested KESEAN DAVIS.

16. At no time during the events described above was KESEAN DAVIS intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He has not committed any criminal offenses.

17. The defendant police officers had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff and no legal cause or excuse to see the person of the plaintiff.

18. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their

physical presence and support in the authority of their office to each other during the events.

19. No fact justified Officer Villa and Officer Khali making contact with KESEAN HARVEY DAVIS. There actions constitute excessive force.

20. As a direct and proximate result of the acts of defendant officers, the plaintiff KESEAN DAVIS suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Loss of physical liberty;

   c. Physical pain and suffering and emotional trauma and suffering;

   d. Attorney fees;

21. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of KESEAN DAVIS:

   a. Freedom from unreasonable seizure of his person;

   b. Free them from the use of excessive, unreasonable and unjustified force against his person.

**COUNT I 42 U.S.C §1983 AGAINST INDIVIDUAL DEFENDANTS.**

22. Paragraph 1 through 23 are incorporated herein by reference as though fully set forth.

23. Plaintiff KESEAN DAVIS claims damages for the injury set forth above under 42 U.S.C. §1983 against defendant Officers KHALIL M. IBRAHIM, ARTHUR VILLA, MATHEW MCALLISTER for violation of his constitutional rights under color of law.

**COUNT II ASSAULT AND BATTERY AGAINST INDIVIDUAL DEFENDANTS.**

24. Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

25. Defendant Officers KHALIL M. IBRAHIM, ARTHUR VILLA, MATHEW MCALLISTER assaulted in battered KESEAN DAVIS.

26. As a result of this assault and battery, plaintiff, KESEAN DAVIS suffered damages.

**COUNT III - FALSE ARREST AND ILLEGAL IMPRISONMENT AGAINST INDIVIDUAL DEFENDANTS.**

27. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

28. Defendant Officers KHALIL M. IBRAHIM, ARTHUR VILLA, MATHEW MCALLISTER illegally arrested and imprisoned KESEAN DAVIS.

29. As a result of this false arrest and illegal imprisonment, KESEAN DAVIS suffered damages.

## COUNT IV - 42 U.S.C §1983

### AGAINST THE CITY OF HUNTINGTON BEACH.

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31. Prior to July 31, 2019, the City of Huntington Beach developed and maintained policies or customs exhibiting delivered indifference to the constitutional rights of persons in the City of Huntington Beach, which caused the violation of KESEAN DAVIS' rights.

32. It was the policy and or custom of the city of Huntington Beach to an adequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct or instead tolerated by the city of Huntington Beach, including but not limited to prior complaints against KHALIL M. IBRAHIM alleging racial animus and excessive force.

33. It was the policy and our custom of the City of Huntington Beach to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers. The city did not require appropriate in-service training or retraining of officers were known to have engage in police misconduct.

34. As a result of the above-described policies and customs, police officers of the City of Huntington Beach, including the defendant officers, believe that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

35. The above describe policies and customs demonstrating a deliberate indifference on the part of policymakers of the City of Huntington Beach to the constitutional rights of persons within the city, and where the cause of the violations of plaintiff's rights alleged.

WHEREFORE, the plaintiff request that this court:

    a. Award compensatory damages to plaintiff against the defendants, jointly and severally;

    b. Award costs of this action to plaintiff;

    c. Award reasonable attorney's fees and costs to the plaintiff on Counts I and IV of the complaint;

    d. Award such other and further relief as the court may deem appropriate.

DATED: June 8, 2021          LAW OFFICES OF ROBIN D. PERRY

By _____
Robin D. Perry, Attorney for
Plaintiff, KESEAN DAVIS

**DEMAND FOR JURY TRIAL**

Plaintiff, KESEAN DAVIS hereby demands a jury trial in the above captioned matter.

DATED: June 8, 2021          LAW OFFICES OF ROBIN D. PERRY

By _____
Robin D. Perry, Attorney for
Plaintiff, KESEAN DAVIS